```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**MICHAEL A. NELSON,**

      **Plaintiff,**

  vs.                              **Civil Action 2:06-CV-284**
                                        **Magistrate Judge King**

**WARDEN K. KOHNTE,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

Plaintiff, an inmate of the State of Ohio, brings this action under 42 U.S.C. §1983 for declaratory and injunctive relief in connection with his claim that he was not provided notice prior to an increase in his security classification and that, as a result, he was denied a fair and meaningful parole hearing in violation of the Due Process Clause of the Fourteenth Amendment.  *See Amended Complaint.*  With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on defendants' motion for summary judgment.  Doc. No. 44.  Although plaintiff sought, and was granted, an extension of time in which to respond to that motion, *Order,* Doc. No. 47, plaintiff has nevertheless filed no response to the motion.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson*, 477 U.S. at 251.  *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Plaintiff appears to claim a denial of his due process rights by reason of an increase in his security classification without prior notice and the subsequent impact of that increase upon his parole

consideration. The Fourteenth Amendment to the United States Constitution guarantees to an inmate the "freedom from restraint which ... imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). An increase in an inmate's security classification does not qualify as such a liberty interest. *Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir. 2005). *See also Workman v. Wilkinson,* 23 Fed. Appx. 439, 440 (6th Cir. 2001).

In any event, however, the uncontroverted evidence before this Court establishes that plaintiff was actually provided due process in connection with the increase in his security classification, in the form of notice of hearing and opportunity to be heard. *Affidavit of William A. Elebey,* ¶¶3, 12, attached as *Exhibit C* to *Motion for Summary Judgment,* Doc. No. 44. *See also Exhibit C-1,* attached to *Motion for Summary Judgment* [notice of proposed increase in security classification and hearing on the action, signed by plaintiff]. Under these circumstances, defendants are entitled to summary judgment on plaintiff's claims arising out of the increase in his security classification.

Plaintiff also alleges that the increase in his security level resulted in the denial of meaningful parole consideration. Ohio inmates have no constitutionally protected right to release on parole. *See Inmates of Orient Correctional Inst. v. Ohio Adult Parole Auth.,* 929 F.2d 233, 238 (6th Cir. 1991). *See also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979). Under Ohio Admin. Code §5121:1-1-07(C)8, the Ohio Parole Board may consider an inmate's conduct while in prison as one factor relevant to the parole decision. Certainly, an increase in an inmate's security classification based upon his conduct constitutes a relevant consideration in the parole decision.

Thus, defendants are entitled to judgment on plaintiff's claim arising out of the denial of his release on parole.

Plaintiff's complaint also alleges that a policy of the Ohio Parole Board, Policy 105-PBD-03, denies parole consideration to inmates with plaintiff's increased security classification in violation of Ohio law. *Complaint,* at ¶II. However, that policy was rescinded effective May 16, 2007. *Exhibit D,* attached to *Motion for Summary Judgment.* As a result, "[a]ny inmate classified at a security level of 4 or 5 who is scheduled to appear for a release consideration hearing can receive a recommendation for release onto parole supervision from the institutional hearing panel, subject to the merits of the release." *Id*. Thus, the merits of plaintiff's release on parole will be considered regardless of his increased security classification. Under these circumstances, his claim for injunctive relief arising out of the application of Policy 105-PBD-03 is now moot.

**WHEREUPON** defendants' unopposed motion for summary judgment is **GRANTED.**

The Clerk is DIRECTED to enter FINAL JUDGMENT in favor of defendants in this action.

October 18, 2007                                             *s/Norah McCann King*
                                                                  Norah M<sup>c</sup>Cann King
                                                                  United States Magistrate Judge

3